# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

### MONROE DIVISION

| | |
|---|---|
| JIMMIE EARLE | CIV. ACTION NO. 3:22-04522 |
| VERSUS | JUDGE TERRY A. DOUGHTY |
| BROOKSHIRE GROCERY CO. | MAG. JUDGE KAYLA D. MCCLUSKY |

<u>REPORT AND RECOMMENDATION</u>

Before the undersigned magistrate judge, on reference from the District Court, is a motion for leave to amend complaint to join a potentially diversity-destroying party [doc. # 14] filed by Plaintiff Jimmie Earle. The motion is opposed. For reasons assigned below, the motion for leave to amend is GRANTED, and, therefore, it is recommended that this matter be REMANDED to the Fourth Judicial District Court for the Parish of Ouachita, State of Louisiana.

<u>Background</u>

On July 29, 2022, Plaintiff Jimmie Earle ("Earle"), a Louisiana citizen, filed the instant Petition for Damages against Defendant Brookshire Grocery Company ("Brookshire's"), a Texas citizen, in the Fourth Judicial District Court for the Parish of Ouachita, to recover damages for severe and debilitating injuries that she sustained on May 26, 2022, when an aisle "end cap" toppled over on top of her at the Brookshire's Grocery Store on Sterlington Road, Monroe, Louisiana. (Petition). On August 25, 2022, Brookshire's removed the suit to federal court on the basis of diversity jurisdiction, 28 U.S.C. § 1332. (Notice of Removal).

Following removal, the parties filed their joint Rule 26(f) report on November 15, 2022. [doc. # 9]. On November 18, 2022, Earle served Brookshire's with discovery requests, to which Brookshire's responded on January 22, 2023. *See* Ans. to Interr. and Reqs. for Prod.; M/Leave

to Amend, Exh. 1 [doc. # 14-1].

On January 27, 2023, the court issued a scheduling order that included a May 26, 2023 deadline for joinder of parties and amendment of pleadings. (Sched. Order [doc. # 14]).

On February 3, 2023, Brookshire's disclosed to Earle a video of the accident, which depicted a Brookshire's employee making contact with the end cap while pushing a dolly, which caused the end cap to topple over on to Earle. This is the first time that Earle learned of an employee's direct involvement in the accident.

On February 7, 2023, Earle's attorney emailed counsel for Brookshire's and inquired whether the store employee depicted in the video was Everett Halley, one of the individuals listed on Brookshire's initial discovery responses. On February 10, 2023, Brookshire's confirmed that the employee was indeed Everett Halley.

On February 20, 2023, Earle received supplemental discovery from Brookshire's which disclosed, for the first time, that a third party, Larry's Interiors, Inc., had disassembled and re-installed the subject end cap, sometime between March 14, 2022, and April 1, 2022.

The next day, on February 21, 2023, Earle's attorney reached out to his opposite number to acquire available dates to take the deposition of Everett Halley. However, opposing counsel suggested that they wait until the prospective third-party had been added to the suit, so it could participate in the deposition.

On March 14, 2023, Earle propounded a second set of interrogatories to Brookshire's to obtain Everett Halley's job title and job function. However, Brookshire's never responded.

On March 31, 2023, Earle emailed a copy of a proposed Supplemental and Amending

2

Complaint to Brookshire's attorney and requested his consent for leave to file same.

On April 12, 2023, Brookshire's replied that it would not consent to the proposed amendment, insofar as it sought to join Everett Halley.

On April 13, 2023, Earle filed the instant motion for leave to amend pleadings and to add a party whose joinder may destroy diversity. Earle attached the proposed First Supplemental and Amending Complaint ("FSAC") to her motion, wherein she seeks to join not only Brookshire's employee, Everett Halley ("Halley"), who is a Louisiana domiciliary, but also Brookshire's liability insurer, Traveler Indemnity Company of Connecticut ("Traveler"), and Larry's Interior's, Inc. ("Larry's Interiors"), the third-party who disassembled and reinstalled the subject end cap. *See* FSAC; M/Leave to Amend, Exh. 5 [doc. # 14-5].

The proposed pleading alleges that Halley breached the duty of care owed to the general public and to Earle when he recklessly slammed the dolly into the end cap with sufficient force to cause it to topple on to Earle. (FSAC, ¶¶ 3, 5-6). The FSAC further alleges that Halley was acting within the course and scope of his employment with Brookshire's, and, thus, Brookshire's is vicariously liable for Halley's negligence. *Id.*, ¶ 8.

Brookshire's filed its opposition to the motion on May 4, 2023. (Opp. Brief [doc. # 20]). While Brookshire's opposes the joinder of non-diverse defendant, Halley, it does not contest the joinder of Traveler and Larry's Interiors because they are "foreign" defendants.[1] Accordingly, the matter is ripe.

---

[1] It may well be that Traveler and Larry's Interiors are "foreign" defendants. However, the FSAC does not properly allege their citizenship for purposes of diversity. *See* FSAC.

## Law and Analysis

**I.    Motion for Leave to Amend**

Rule 15 provides that leave to amend shall be "freely [granted] when justice so requires." FED. R. CIV. P. 15(a)(2).  This rule is circumscribed, however, by 28 U.S.C. § 1447(e) which states that "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court."  28 U.S.C. § 1447(e); *Ascension Enters. v. Allied Signal*, 969 F. Supp. 359, 360 (M.D. La. 1997) (Section "1447(e) trumps Rule 15(a).").

Under these circumstances, courts are required to "scrutinize [the] amendment more closely than an ordinary amendment."  *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987).  Specifically, the court must balance the defendant's interest in maintaining a federal forum, with the competing interest of avoiding parallel lawsuits by considering the following "*Hensgens* factors,"

> [1] the extent to which the purpose of the amendment is to defeat federal jurisdiction, [2] whether the plaintiff has been dilatory in asking for amendment, [3] whether plaintiff will be significantly injured if amendment is not allowed, and [4] any other factors bearing on the equities.  The district court, with input from the defendant, should then balance the equities and decide whether amendment would be permitted.  If it permits the amendment of the non-diverse defendant, it must remand to the state court.  If the amendment is not allowed, the federal court maintains jurisdiction.

*Wilson v. Bruks-Klockner, Inc.*, 602 F.3d 363, 367-368 (5th Cir. 2010) (citation omitted).

One issue that often is considered within the *Hensgens* rubric is whether plaintiff has a reasonable possibility of recovery against the non-diverse defendant(s).  For example, a plaintiff will not be "significantly injured" under *Hensgens* by a court's denial of leave to add a clearly

4

meritless claim. *Wilson*, 602 F.3d at 368. Thus, the Fifth Circuit has held that it lies within a district court's "discretion" to deny a proposed amendment as futile, if there is no reasonable basis to predict that plaintiff will be able to recover against the would-be, non-diverse defendant. *Id*.

Nevertheless, an earlier Fifth Circuit panel made it clear that "[a] request to join a party against whom recovery is not really possible and whose joinder would destroy subject matter jurisdiction (*i.e.,* a request fraudulently to join a party) would *never* be granted." *Cobb v. Delta Exports, Inc.*, 186 F.3d 675, 678 (5th Cir. 1999) (emphasis added).[2] In other words, the party opposing joinder has the opportunity to prevent joinder by demonstrating that plaintiff has no "colorable claim" against the proposed defendant. *Id*. This presents a potentially dispositive threshold issue, for if plaintiffs fail to state a colorable claim, then the court cannot permit amendment. *Cobb, supra*.

When deciding whether plaintiffs state a colorable claim for relief against the non-diverse defendant(s), the district court may permit "limited discovery into 'discrete and undisputed facts' that had been omitted from the complaint and that might preclude recovery against the in-state defendant . . ." *Wilson*, 602 F.3d at 373 (citing *Smallwood v. Ill. Cent. R.R. Co.,* 385 F.3d 568, 573-74 (5th Cir. 2004)).

---

[2] The court added that because the improper joinder doctrine (f/k/a the "fraudulent joinder doctrine") applies only to those non-diverse parties on the record in state court at the time of removal, it necessarily does not apply to post-removal joinders. *Cobb*, 186 F.3d at 677.

a)    <u>Colorable Claim</u>

When a case is removed to federal court on the basis of diversity jurisdiction, the Erie doctrine requires federal courts to apply state substantive law when adjudicating state law claims. *Erie R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938). "Under Louisiana law, a court may hold a corporate officer or employee individually liable for injuries to third persons under certain circumstances." *Kemp v. CTL Distribution, Inc.*, 440 Fed. App'x. 240, 245 (5th Cir. 2011) (citing *Canter v. Koehring Co.*, 283 So.2d 716 (La. 1973)). "Liability may be imposed on such individuals even if the duty breached arises solely from the employment." *Id.* (citing *Guillory v. PPG Industries, Inc.*, 434 F.3d 303, 312 (5th Cir. 2005) and *Ford v. Elsbury*, 32 F.3d 931, 936 (5th Cir. 1994)). "If the elements for imposing individual liability on the corporate employee are met, it does not matter that the corporation might also be liable." *Ford*, 32 F.3d at 936 (citing *H.B. 'Buster' Hughes, Inc. v. Bernard*, 318 So.2d 9, 12 (La. 1975)). Conversely, when considering the sufficiency of allegations purporting to state a claim for an individual employee's personal liability, "[t]he Court is only concerned . . . [with] whether a viable claim may be made against [the defendant employee] personally and not whether [the employer] may be held vicariously liable for the action of its employees." *Johnson v. Packaging Corp. of America*, Civ. Action No. 18-0613, 2019 WL 1271053 (M.D. La. Feb. 27, 2019) (internal citations omitted).

In *Canter v. Koehring Co.*, the Louisiana Supreme Court detailed the circumstances under which a corporate officer or employee may be held individually liable for injuries sustained by third parties. *Ford v. Elsbury*, 32 F.3d 931, 935 (5th Cir. 1994) (citing *Canter v.*

6

*Koehring Co.*, 283 So.2d 716 (La. 1973)).  The court acknowledged that "the officer, agent, or employee may . . . be liable for injury resulting from his fault independent of any obligation imposed upon him by virtue of his employment duties, even though the fault occurs during the course of his employment." *Canter*, 283 So.2d at 722, n.7.  In addition, liability may be imposed on such individuals even if the duty breached arises solely from the employment relationship. *Ford*, 32 F.2d at 936.

Where the sole basis for the duty breached by the employee or manager is that imposed by virtue of the employment or agency relationship, then an employee may be personally liable if "(1) the employer owes a duty of care to a third person; (2) the employer delegated that duty to a defendant-employee; (3) and the defendant-employee breached the duty through his own fault and lack of ordinary care." *Moore v. Manns*, 732 F.3d 454, 456–57 (5th Cir. 2013) (citations omitted).

Generally, "the owner or operator of a facility has the duty of exercising reasonable care for the safety of persons on his premises and the duty of not exposing such persons to unreasonable risks of injury or harm." *Mundy v. Department of Health and Human Resources*, 620 So.2d 811, 813-814 (La. 1993) (citations omitted).  Moreover, "[e]very act whatever of man that causes damage to another obliges him by whose fault it happened to repair it." LA. CIV. CODE ART. 2315.  "Fault is a breach of duty owed by one party to another under the particular facts and circumstances of a given case." *Broussard v. Northcott Expl. Co., Inc.*, 481 So.2d 125, 128 (La. 1986).  Fault encompasses any conduct that falls below the standard of care that would be exercised by a reasonable person.  *See Landry v. Bellanger*, 851 So.2d 943, 949 (La. 2003)

7

and *Esco v. Smith*, 468 So.2d 1169, 1174 (La. 1985).

Here, the proposed pleading alleges that, as part of his job with Brookshire's, Halley was required to use a dolly or tote to move goods around the store. (FSAC, ¶5). Furthermore, Halley allegedly breached the duty of care he owed to the general public and to Earle when he failed to use appropriate caution while operating the tote to ensure that it did not strike a shelving unit that could then topple over onto unsuspecting customers. *Id.* ¶ 3, 6. Accordingly, the court finds, and Brookshire's does not contest, that Earle states a colorable claim for relief against Halley.

b)  *Hensgens* Considerations

Turning to the *Hensgens* factors, the undersigned observes that district courts have mulled various considerations to determine whether the purpose of a given amendment is to defeat federal jurisdiction. For example, some courts will ask "whether the plaintiffs knew or should have known the identity of the non-diverse defendant when the state court complaint was filed." *Schindler v. Charles Schwab & Co., Inc.*, No. 05-0082, 2005 WL 1155862 (E.D. La. May 12, 2005); *see also Penny Realty Inc. v. Sw. Capital Servs., Inc.*, No. 08-0473, 2008 WL 2169437, at *2 (W.D. La. May 23, 2008). Alternatively, other cases have recognized that "as long as the plaintiff states a valid claim against the new defendants, the principal purpose of the amendment is not to destroy diversity jurisdiction." *Herzog v. Johns Manville Prods. Corp.*, No. 02-1110, 2002 WL 31556352, at *2 (E.D. La. Nov. 15, 2002); *see also Tillman v. CSX Transp. Inc.*, 929 F.2d 1023, 1029 (5th Cir. 1991) (upholding a finding that where the plaintiff had a valid cause of action against a defendant, the principal purpose of the amendment was not to defeat federal jurisdiction).

In 2018, this court adopted the latter approach, i.e., so long as a plaintiff states a valid

cause of action against the non-diverse defendant, then the principal purpose of the amendment is not to destroy diversity jurisdiction. *Diamond McCattle Co. LLC v. Range Louisiana Operating LLC*, Civ. Action No. 18-0229, 2018 WL 6728587 (W.D. La. Dec. 21, 2018) (Doughty, J.). As discussed above, Earle has a viable cause of action against Halley. Therefore, the principal purpose of the amendment is not to defeat diversity. *Diamond McCattle Co. LLC, supra.*[3]

As to the timeliness of the proposed amendment, Brookshire's contends that Earle was dilatory in seeking amendment because she learned Halley's involvement in the incident on February 10, but then waited two months to file the instant motion. Brookshire's, however, glosses over the fact that Earle first wanted to take Earle's deposition, but then agreed to wait to do so until other parties were joined. Furthermore, Brookshire's ignored Earle's additional discovery requests and then waited twelve days to advise Earle that it would oppose Halley's joinder. Earle promptly filed the instant motion one day later.

Even if Earle could have filed the present motion earlier, the court cannot conclude that

---

[3] This court consistently has employed the holding and reasoning from *Diamond McCattle Co., LLC* in the present context. *See, e.g., Street v. Walmart, Inc.*, Civ. Action No. 22-5438 (W.D. La. [doc. # 16]); *Agbasi v. Walmart, Inc.*, Civ. Action No. 22-1142, 2023 WL 2673967 (W.D. La. Mar. 13, 2023), *R&R adopted,* 2023 WL 2668440 (W.D. La. Mar. 28, 2023); *Martin v. Walmart, Inc.*, Civ. Action No. 22-00256, 2022 WL 2253797 (W.D. La. May 26, 2022), *R&R adopted,* 2022 WL 2253303 (W.D. La. June 22, 2022). Nonetheless, Brookshire's urges the court to reverse course and follow the rationale from a 2005 Virginia district court decision, *Linnin v. Michielsens*, 372 F. Supp. 2d 811 (E.D. Va. 2005). Needless to say, the *Linnin* decision is not binding on this court and transgresses the Fifth Circuit's statement in *Tillman. See discussion, supra.* In addition, the portions of *Linnin* quoted by Brookshire's constitute *dicta* because the court also found that plaintiff had no possibility of success in its negligence claim against the prospective employee. *Linnin, supra.* After all, joinder of a non-diverse defendant is never proper if the plaintiff cannot recover against the prospective party. *Cobb, supra.*

she was dilatory. *See Diamond McCattle Co., LLC* (plaintiff not dilatory where she sought amendment after defendant filed a motion for summary judgment and where she allowed three-months to lapse before propounding discovery to uncover the names of defendant's employees). Moreover, Earle filed her motion over one-month before the May 26, 2023 deadline to amend pleadings and join parties. *See Roussell v. PBF Consultants, LLC,* Civ. Action No. 18-899, 2020 WL 5901118, at *11 (M.D. La. Sept. 18, 2020), R&R adopted, 2020 WL 5900135 (M.D. La. Oct. 5, 2020) (plaintiff not dilatory when she filed her motion for leave to amend within the deadlines set in the court's scheduling order); *Jones v. Rent-A-Center East, Inc.*, 356 F.Supp.2d 1273, 1276 (M.D. Ala. 2005) (finding that plaintiffs were not dilatory because motion to amend was filed within the time allowed by the scheduling order); *Smith v. Robin America, Inc.*, Civ. Action No. H-08-3565, 2009 WL 2485589, at * 6 (S.D. Tex. Aug. 7, 2009) (when a deadline for amendments has been set, and the deadline has been complied with, it would be unreasonable for the court to find the delay dilatory). Finally, Brookshire's has not shown any cognizable or material prejudice attributable to the alleged delay.

As to whether Earle will suffer significant injury if amendment is not allowed, the court acknowledges that, so long as Brookshire's is able to fund any judgment rendered in Earle's favor, then she likely will not suffer any ultimate financial repercussions if leave to amend were denied. Moreover, if, as alleged, Halley was acting within the course and scope of his employment, then Brookshire's will be liable for his negligence. *See* LA. CIV. CODE ART. 2320.

Nonetheless, consideration of cost, judicial efficiency and potentially inconsistent results weigh in favor of not requiring Earle to prosecute separate suits in two forums where, as here, both arise under the same set of facts. *Roussell,* 2020 WL 5901118, at *11 (citations omitted).

*Roussell,* 2020 WL 5901118, at \*11  (citations omitted).  Moreover, because the fault of

Brookshire's, Larry's Interiors, and Halley will have to be quantified, even if they were sued

separately, this allocation of fault should be performed in a single case by the same trier of fact.

Indeed, the Louisiana Supreme Court recently has emphasized the importance of separately

analyzing and quantifying the fault of employees and their employers.  *See Martin v. Thomas*,

346 So. 3d 238 (La. 2022).  Accordingly, the third factor, like the others, weighs in favor of

remand.[4]

Finally, aside from its federally recognized interest and strong preference to litigate this

matter in federal court, Brookshire's does not identify other considerations "bearing on the

equities" that are not already subsumed within the specific *Hengens* considerations.[5]  The court

remains acutely cognizant of a defendant's interest in retaining its chosen federal forum.

However, plaintiffs enjoy a countervailing interest in reclaiming their preferred forum.[6]  For

---

[4] Brookshire's urges the court to follow *Perkins v. Sheffield Rentals, Inc.* wherein the undersigned determined that plaintiff would not be substantially prejudiced by the denial of a post-removal leave to amend to join a non-diverse employee of an existing defendant where there was no suggestion that the employer would not be able to fund a judgment.  *Perkins v. Sheffield Rentals, Inc.*, Civ. Action No. 21-1701 (W.D. La. Aug. 12, 2022).  In *Perkins*, however, the undersigned determined that plaintiff had no colorable claim against the prospective non-diverse defendant.  Consequently, joinder was not permitted, regardless of the *Hensgens* factors. *See Cobb, supra*

[5] Brookshire's asserts that this case stands apart from others because the amendment also seeks to join two additional parties, who will be deprived of their opportunity to oppose the amendment.  However, the court is unable to envision any unique interests or arguments that these parties might assert that Brookshire's could not have raised.

[6] As Judge Rubin once remarked, "[f]orum-shopping is sanctioned by our judicial system.  It is as American as the Constitution, peremptory challenges to jurors, and our dual system of state and federal courts."  *McCuin v. Texas Power & Light Co.*, 714 F.2d 1255, 1261 (5th Cir.  1983).

better or worse, Louisiana law permits a tort victim to sue both the tortfeasor and the tortfeasor's employer. The court is not unsympathetic to the reality that individual employees may be subject to personal liability for acts that they likely performed for, or at the behest of their employer. However, the possibility of dual layers of potentially redundant liability presents an issue that remains within the particular province of the legislature to redress.[7] In the interim, however, and in the absence of other compelling *Hensgens* considerations, the court is reluctant to circumscribe plaintiff's ability to exercise that right.

In sum, upon application of the *Hensgens* considerations, the court finds that they weigh in favor of allowing the proposed amendment.[8]

## II.    Remand

The joinder of a non-diverse defendant destroys the court's subject matter jurisdiction. *Cobb, supra.* Once joinder of a diversity-destroying defendant is permitted, remand to state court is not merely discretionary, it is mandatory. 28 U.S.C. § 1447(e); *Cobb, supra*; *Wilson, supra*; *Hensgens*, 833 F.2d at 1182 (if amendment is permitted, the court must remand the whole

---

"The existence of these choices not only permits but indeed invites counsel in an adversary system, seeking to serve his client's interests, to select the forum that he considers most receptive to his cause." *Id.*

[7] In the wake of *Canter*, which permitted injured workers to file suit against their co-employees, notwithstanding their employers' workers compensation immunity, the legislature amended the workers' compensation statute to preclude negligence suits brought against co-employees.

[8] In its brief, Brookshire's cited other district court decisions that reached outcomes at odds with this case. To the extent that those opinions are not otherwise distinguishable, they remain district court decisions that are not binding on this court. Furthermore, decisions from this court that precede the sea change in *Diamond McCattle Co. LLC v. Range Louisiana Operating LLC*, are similarly unpersuasive.

case to state court).[9]

### Conclusion

For the above-assigned reasons,

IT IS ORDERED that Plaintiff Jimmie Earle's motion for leave to file her first supplemental and amending complaint [doc. # 14] is GRANTED.[10]  The amendment destroys subject matter jurisdiction; consequently,

IT IS RECOMMENDED that this matter be REMANDED to the Fourth Judicial District Court for the Parish of Ouachita, State of Louisiana.  28 U.S.C. § 1447(e).

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party=s objections within **fourteen (14) days** after being served with a copy thereof.  A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing.  Timely objections will be considered by the District Judge before he makes a final ruling.

---

[9] Lack of subject matter jurisdiction may be raised at any time.  *Giles v. Nylcare Health Plans, Inc.*, 172 F.3d 332, 336 (5th Cir. 1999).  A court must raise the issue *sua sponte* if it discovers it lacks subject matter jurisdiction.  *Id.*

[10]  As this motion is not excepted within 28 U.S.C. § 636(b)(1)(A), nor dispositive of any claim on the merits within the meaning of Rule 72 of the Federal Rules of Civil Procedure, this order is issued under the authority thereof, and in accordance with the standing order of this court.  Any appeal must be made to the district judge in accordance with Rule 72(a) and L.R. 74.1(W).

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

In Chambers, at Monroe, Louisiana, on this 25th day of May, 2023.

KAYLA DYE MCCLUSKY
UNITED STATES MAGISTRATE JUDGE